

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed February 12, 2019**

_____
**United States Bankruptcy Judge**
_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| CRYSTAL LYNETTE BLEVINS and | § | CASE NO. 17-60019-rlj7 |
| CODY RAY BLEVINS, | § | |
| | § | |
| Debtors. | § | |

## MEMORANDUM OPINION AND ORDER

The debtors, Crystal and Cody Blevins, filed this case as a joint filing under chapter 13 of the Bankruptcy Code on February 2, 2017. They converted the case to a chapter 7 case on April 24, 2017. The conduct of the Blevinses during the case and the handling of the case by their attorney-of-record raised several issues that, in turn, caused the United States Trustee to file, on August 1, 2017, its motion seeking a review of the debtors' transactions with their attorney. Doc. No. 77. This review was sought under § 329 of the Bankruptcy Code.

The UST's concerns arose, in part, from the following:

- the conversion to chapter 7 within three months after filing the case under chapter 13

1

- the errors and omissions by the debtors (under counsel's guidance) on their bankruptcy schedules—including their failure to disclose several firearms and a boat

- the continuances of two scheduled § 341 creditors meetings

- the failure of Cody Blevins to appear at the creditors meeting scheduled on April 25, 2017

- the failure of counsel to appear at the creditors meeting that was actually held in June 2017

- the use of "appearance counsel," i.e., a local attorney, at the creditors meeting

- the failure to properly disclose appearance counsel's involvement or payment

- the confusion caused by record-counsel's failure to provide proper disclosure of his affiliations—counsel of record, Chris Migliaccio, was a Texas "Partner" of Allen Chern Law LLC and also a member of Warren & Migliaccio, LLP, a law firm located in Richardson, Texas

- the debtors' frequent amendments to their schedules

- the debtors' proposal, through counsel, to redeem their 2015 Mitsubishi automobile through a financing arrangement with a lender named "Prizm Financial Company, LLC" under an arrangement that provided for a redemption loan that accrued interest at 23.99% and set aside $600.00 for attorney's fees to be paid to counsel Warren & Migliaccio, LLP (the name of the party that, initially, was purportedly making the loan was "722 Redemption Funding, Inc.")

On July 28, 2017, the debtors filed their notice seeking to withdraw their motion to redeem, the last item mentioned above. The notice was filed by Christopher Migliaccio of Warren & Migliaccio, LLP, "[a]ttorney for [d]ebtor." Doc. No. 74. But the UST filed its objection to the notice of withdrawal as it sought discovery on the proposed redemption. Doc. No. 76. The proposed redemption and the UST's objection were thus set for hearing with the UST's motion under § 329.

I.

On October 24, 2017, Chris Migliaccio, ostensibly of Allen Chern Law LLC, filed an amended disclosure of compensation under Rule 2016(b). Doc. No. 92. The amended disclosure

stated that the firm was receiving no compensation for its services. At some point prior to filing this amended disclosure, and as a way to address the issues raised by the UST of counsel's ineffective services in the case, Migliaccio and the firm refunded all payments made, an amount over $3,000, and agreed that no further payment was required. Given this, Migliaccio, Allen Chern Law LLC, and Warren & Migliaccio, LLP took the position that all issues raised by the UST under its motion for review were resolved. They also took the position that, given the debtors' decision to withdraw the requested redemption, any concerns regarding the proposed redemption were likewise resolved. The UST disagreed. The Court, by order of December 27, 2017, denied the attorneys' request that the matters be dismissed. Doc. No. 105. A hearing on the UST's motion under § 329 and on its objection to the withdrawal of the proposed redemption was held on October 10, 2018, and November 16, 2018.

**II.**

Having considered the UST's concerns and the evidence presented at the hearing, the Court is satisfied that the disgorgement of all fees to the debtors sufficiently resolves the mistakes made by counsel in this case. Crystal Blevins testified that she, too, was satisfied with counsel's representation in light of their refunding of the fees. The UST did not request any other specific relief or sanction. No additional relief was sought under § 526(c) of the Bankruptcy Code. The Court expressed its concerns given the confusion and, frankly, the lack of transparency caused by counsel's misstatements in identifying who actually was debtors' counsel. These issues stemmed in part from Law Solutions Chicago LLC's business model. Law Solutions Chicago LLC is based out of Chicago, Illinois and attempts to provide centralized consumer bankruptcy representation on a nationwide scale. Allen Chern Law LLC (now Chern Law LLC) is a d/b/a of Law Solutions Chicago LLC; so, too, is "UpRight Law." Migliaccio is

ostensibly a partner of Law Solutions Chicago LLC, though, when asked by the Court whom he was a partner with, he could not actually identify the partnership. Migliaccio signed a partnership agreement which identified him as a "Partner" and "Law Solutions Chicago LLC, also d/b/a UpRight Law LLC, an Illinois limited liability company registered in the State of Texas to do business as Allen Chern Law LLC," as the "Firm." UST Ex. 51. Migliaccio was one of the "Partners" that affiliated with Law Solutions to handle consumer bankruptcy cases in Texas. The partnership agreement further states that the Partner, Migliaccio, "agrees and acknowledges that Partner's status as a Partner does not render Partner an owner or equity holder in Firm." *Id*. ¶ 24. He also had no voting rights in the Firm. *Id*.

### III.

During the hearing, the Court raised its concerns of the potential of improper fee sharing in light of the business model maintained by Law Solutions.

The Code explicitly prohibits fee sharing among individuals (or entities) entitled to compensation under § 503(b)(2) or 503(b)(4). 11 U.S.C. § 504(a).[1] Section 504(b), however, contains an exception to this prohibition and allows fee sharing between attorneys that are members, partners, or regular associates in the same firm. Thus, if an attorney seeks to share compensation received as a result of the attorney's representation in an individual's bankruptcy with another attorney who is not a member, partner, or regular associate in the same law firm, then that other attorney "must separately obtain court approval of their retention and fees." *Collier on Bankruptcy* ¶ 504.02[3] (Richard Levin & Henry J. Sommer eds. 16th ed.).

The terms "Firm" and "Regular associate" are defined by Rule 9001. "'Firm' includes a partnership or professional corporation of attorneys or accountants." Rule 9001(6). "'Regular

---

[1] All "§" references herein are to Title 11 of the United States Code, unless otherwise stated.

4

associate' means any attorney regularly employed by, associated with, or counsel to an individual or firm." Rule 9001(10).

At least one court has considered whether Law Solutions Chicago LLC (LSC) is a "firm," and whether or not its local partners are, at least, "regular associate[s]." *Robbins v. Delafield (In re Williams)*, No. 15-71767, 2018 WL 832894, at *21–24 (Bankr. W.D. Va. Feb. 12, 2018). In *Robbins*, the UST alleged that Law Solutions Chicago and two of its Virginia-based partners engaged in improper fee sharing because Law Solutions Chicago was not a law firm and its local attorneys were not "bona fide partner[s] of [Law Solutions Chicago] for purposes of Rule 2016(b)." *Id.* at *21. The Virginia-based partners had no access to partnership documents, could not participate in the management of the firm, and did not receive any compensation for initiated cases that were not actually filed. *Id.* Law Solutions Chicago argued that its local partners received Schedule K-1s that reflected a share of the firm's revenues, participated in partnership meetings, and were invited to an annual partnership meeting. *Id.* The court, though "deeply disturbed by the lack of effective oversight of its sales people and methods used by LSC/Upright," decided that Law Solutions Chicago was a law firm. *Id.* at *22. Regarding the Virginia-based attorneys, the court wrote,

> Looking to substance over form with regard to the partnership agreements and the record in this case, including the method and manner of [the Virginia-based attorneys'] interactions with [Law Solutions Chicago] in Chicago, the Court is satisfied that both [attorneys] are "regularly associated with" or "counsel to" the "firm," of which the local Virginia LLC in which [the attorneys] are limited partners is a component part. Thus, the Rule 2016(b) disclosures are not deficient on the basis that LSC/Upright is not a law firm and that [the attorneys'] relationships with it are impermissible.

*Id.* at *24.

As the Court raised the issue of fee sharing, and did so without prior notice to counsel, it makes no further findings or conclusions here on the issue. The disgorgement of the fees thereby

5

6

sufficiently addresses the issues properly before the Court. The Court will not direct any further relief or sanction.

    SO ORDERED.

        ### End of Memorandum Opinion and Order ###